UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : NO. 3:06CR161(EBB) |
| JAMES GALANTE, ET AL | : |

RULING ON MOTIONS TO
MODIFY RESTRAINING ORDER

Defendants Automated Waste Disposal, Inc., (AWD), Diversified Waste Disposal, Inc., (DWD), Superior Waste Disposal, Inc., JAT Truck Repair Service, Inc., 530 Main Street North Corp. d/b/a Nutmeg Investments, Superior Waste Disposal, Inc., Trashers, LLC, Thomas Refuse Services, Inc., Danbury Carting Company, Inc., Transfer Systems, Inc. And Advanced Recycling Corp. have moved [Doc. No. 120] to modify the restraining order entered ex parte by this court on June 8, 2006, in the above-captioned case. Defendants request that the order be modified to "(1) free assets of the defendants that are not properly subject to forfeiture according to the allegations contained in the indictment; (2) sever assets sufficient to pay attorneys' fees associated with this action; and/or (3) any other and further relief as justice requires."

Defendant corporations maintain their right to counsel is jeopardized in violation of the Sixth Amendment to the United States Constitution by the restraining order and seek a due process hearing to determine whether the restrained assets are properly subject to forfeiture and whether the government can establish forfeiture through an adequate showing of probable cause. Absent such a showing, they demand the assets be severed and returned to them.

Defendants AWD And DWD also seek payment of the legal fees of unidentified employees, pursuant to bylaws adopted by them, alleging that it is "highly unlikely" that these employees will qualify for the appointment of counsel under the Criminal Justice Act but will be unable to pay the expenses and costs associated with their legal defense.[1]

---

[1] The movants have offered no evidence, by affidavit or otherwise, to support this claim. It is also not clear from their memorandum whether the employees to whom they refer are co-

The bylaws of both AWD and DWD, adopted under the provisions of §§ 33-770 through 33-779 of the Connecticut General Statutes, provide, in relevant part, as follows:

> Any person made a party to any action by reason of the fact that he...is or was a Director, Officer or employee of the Corporation... shall be indemnified by the Corporation against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action... except in relation to matters as to which it shall be adjudged in such action that such Officer, Director, or employee is liable for negligence or misconduct in the performance of his duties.

Defendants also claim that the order is excessive and disproportionate in violation of the Eighth Amendment to the United States Constitution.

The government agrees with the corporate defendants that the restraining order should be modified to permit the payment of their own legal costs but not any additional work that consists of assistance in the defense of any individual employee, manager, officer, director or owner. The government also requests that the modification require an <u>ex parte</u> application to the Court for a finding of necessity before defendants retain any expert consultants or witnesses and obligate themselves for the expenses of same.

However, the government claims that these defendants lack standing to assert the Sixth Amendment rights of their officers and employees and that, in any event, the defendants' corporate state law obligations under their bylaws are preempted by the federal forfeiture statutes under the Supremacy Clause of the Constitution.

## Discussion

The court agrees with the government that the restraining order should be modified to allow for the payment of the legal defense costs of the defendant corporations.[2] In addition to defense counsel, defendants have retained a certified public accountant, J. Allen Kosowsky, to assist in the preparation of their defense and to monitor the businesses. Payment for the services of counsel and of Mr. Kosowsky as a forensic accountant in the defense of the movant defendants only.

---

[2] A ruling was issued on July 26, 2006 [Doc. No. 400] authorizing these payments.

corporations is authorized. However, court authorized monitors have been retained and no payment shall be made for any alleged monitoring by Mr. Kosowsky subsequent to the issuance of the restraining order. The court declines to require these defendants to apply to the court prior to the retention of any other expert consultants or witnesses.

Defendants AWD and DWD argue that their obligations under the above-cited bylaws and the Connecticut statutes under which they were adopted require a pretrial hearing as to the validity of the restraining order. .

Defendants Ronald Zollo, Ciro Viento and Richard Caccavale have each moved for modification of the restraining order to authorize payment of their legal fees in accordance with the bylaws. Defendant Zollo alleges he will be unable to pay the legal fees of his defense[3] and that his Sixth Amendment right to counsel of his choice is thereby violated. Defendants Viento and Caccavale have simply adopted the arguments of their co-defendants

The restraining order was entered pursuant to 18 U.S.C. § 1963(d)(1)(A) which, upon the filing of an indictment, authorizes the ex parte issuance of a restraining order to preserve the availability of assets forfeitable to the United States by any person charged in the indictment, as are the corporate defendants, with violating the provisions of 18 U.S.C. § 1962. Upon the conviction of any such person the court is directed to enter a judgment of forfeiture, § 1963(e), and the interest of the United States in such assets is deemed to have vested in the United States upon the commission of the acts giving rise to the forfeiture. The forfeiture is mandated irrespective of any provision of state law, § 1963(a).

To the extent that the movants claim that the corporate state law obligations require modification of the restraining order to permit payment of defense costs under the bylaws, they are seeking to diminish the values of the assets which, in the event of conviction, are deemed to have been the property of the United States since the commission of the racketeering acts giving rise to the forfeiture. Such a result would conflict with the federal law and, accordingly, the state law is preempted as "an obstacle to the full purposes and objectives of Congress." Silkwood v.

---

[3] He has offered no financial affidavit to support this claim.

Kerr McGee Corp., 464 U.S. 238, 248 (1984)

The Sixth Amendment right to counsel of one's choice is limited by the financial ability of the defendant to pay the costs of such counsel from funds lawfully available to him.  It would be anomalous to conclude that these individual defendant employees' Sixth Amendment rights were violated by denying them access to the restrained assets, although a pre-trial restraining order freezing assets in a defendant's possession which the defendant seeks to use to pay his own attorney does not violate that defendant's Sixth Amendment rights.  United States v. Monsanto, 491 U.S. 600 (1989).  Monsanto, which construed the similar provisions of 21 U.S.C. § 853, concluded that the authorization for issuance of a temporary restraining order is "plainly aimed at implementing the commands of § 853(a) and cannot sensibly be construed to give the district court discretion to permit the dissipation of the very property that § 833(a) requires to be forfeited upon conviction."  Id., at 612-13[4]

Defendants have cited United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006) in support of their argument.  However, the facts in Stein are completely distinguishable.  The corporate employer, KPMG, which sought to pay the legal fees of its employees, had not, itself, been indicted and no restraining order had been issued with respect to its assets, a distinction which the Stein court noted.  Id., at 367.  That court, in those circumstances, answered affirmatively the question whether "a criminal defendant has the right to obtain and use in order to prepare a defense resources lawfully available to him or her, free of knowing or reckless government interference," id. at 361, a proposition with which this court has no quarrel.

Fifth Amendment

The Supreme Court in Monsanto held that pretrial restraint of assets was permissible based on a finding of probable cause to believe they were forfeitable, 491 U.S. at 615, but did not consider the implications of the Due Process Clause.  On remand, the Second Circuit Court of Appeals clarified that "[t]he fifth and sixth amendments, considered in combination, require an

---

[4] Indeed, Section 1963(c) requires that property transferred to a third party, such as an attorney, be ordered forfeited to the United States unless the transferee establishes that he was reasonably without cause to believe the property was subject to forfeiture.

adversary, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture and (b) the properties specified in the indictment are properly forfeitable to continue a restraint of assets ( i) needed to retain counsel of choice and (ii) ordered ex parte." United States v. Monsanto, 924 F.2d 1186, 1203 (2d Cir. 1991)

Accordingly, if any individual movant can show that (1) access to the restrained funds is necessary to retain counsel and that he is prepared to comply with the provisions of § 33-773(a) of the Connecticut General Statutes and (2) that the procedural requirements for action by the corporation by which he is employed under § 33-776 have been met, this court will schedule the probable cause hearing mandated by the Second Circuit Court of Appeals.

### Eighth Amendment

Defendant corporations claim that the temporary restraining order violates the Eighth Amendment prohibition against excessive fines and that, because the conspiracy count in the indictment only alleges overt acts allegedly committed in 2004 and 2005, assets derived prior to 2004 are not subject to forfeiture. They have cited no authority for this latter proposition.

The indictment alleges defendant corporations participated in a racketeering conspiracy beginning in or about 1990 and continuing to the date of the indictment [June 8, 2006]. If any of the corporations is found guilty at the conclusion of this litigation, a determination will be made as to what assets were obtained as a result of the criminal activity alleged and proved and whether the forfeiture sought would be an excessive fine. It is premature to resolve either of these claims at this time.

Accordingly, the motions [Doc. Nos. 120, 428, 432 and 494] are granted in part and denied in part.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this \_\_\_ day of November, 2006.